J-S26011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LAHME PERKINS :
:
Appellant : No. 513 MDA 2022

Appeal from the PCRA Order Entered March 16, 2022,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0001266-2008,
CP-22-CR-0001394-2008.

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED SEPTEMBER 23, 2022**

Lahme Perkins appeals *pro se* from the order denying his untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The facts and procedural history may be summarized as follows. On December 18, 2008, a jury convicted Perkins and a co-defendant of first-degree murder and related charges. These convictions arose out of the shooting death of the victim as he sat on a park bench in a playground. That same day, the trial court sentenced him to an aggregate term of life in prison. After his appellate rights were reinstated *nunc pro tunc*, this Court affirmed

---

[*] Former Justice specially assigned to the Superior Court.

his judgment of sentence, and our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Perkins**, 60 A.3d 849 (Pa. Super. 2012) (non-precedential decision), *appeal denied*, 63 A.3d 1246 (Pa. 2013). The United States Supreme Court denied Perkins' petition for writ of *certiorari* on October 7, 2013. **Perkins v. Pennsylvania**, 571 U.S. 857 (2013).

Perkins filed a *pro se* PCRA petition on January 22, 2014. Thereafter, the PCRA court appointed counsel, and PCRA counsel filed a supplemental petition. After an evidentiary hearing, the PCRA court denied Perkins' PCRA petition. Perkins filed a *pro se* appeal to this Court. On October 18, 2016, we remanded for a **Grazier**[1] hearing to determine whether Perkins wished to be represented, and, if so, for the appointment of new counsel. **See Commonwealth v. Perkins**, 159 A.3d 46 (Pa. Super. 2016).

Upon remand, the PCRA court held a **Grazier** hearing, and, as a result, appointed new PCRA counsel. After being granted multiple continuances, new PCRA counsel filed a "no-merit" letter and motion to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 11, 2018, the PCRA court granted counsel's motion to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Perkins' PCRA petition without a hearing. Perkins filed a response. By order entered April 11, 2019, the

---

[1] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

PCRA court dismissed the petition. After remanding for a factual determination, this Court concluded that Perkins' failure to file a Pa.R.A.P. 1925(b) statement resulted in waiver of all of his issues on appeal. *See Commonwealth v. Perkins*, 245 A.3d 1077 (Pa. Super. 2020). On September 22, 2021, our Supreme Court denied Perkins' petition for allowance of appeal. *Commonwealth v. Perkins*, 263 A.3d 552 (Pa. 2021).

On November 4, 2021, Perkins filed the *pro se* PCRA petition at issue, his second. On September 28, 2022, the PCRA court issued a Rule 907 notice of its intent to dismiss Perkins' second PCRA petition because it was untimely, and Perkins failed to plead and prove a time-bar exception. Perkins filed a response. By order entered March 16, 2022, the PCRA court denied the petition. This timely appeal followed. The PCRA court did not require Pa.R.A.P. 1925 compliance.

Perkins raises the following two issues on appeal:

> [1.]    Did the PCRA court err in dismissing the petition where [Perkins] clearly showed that his rights to due process were violated where the Commonwealth failed to meet its burden to establish a prima facie case at the preliminary hearing and that [Perkins] meets the exception for timeliness[?]
>
> [2.]    Did the PCRA court err in dismissing the petition where [Perkins] clearly showed with newly discovered evidence that his right to effective assistance of trial counsel was violated by an attorney who was an addict dealing with depression and disciplinary problems of his own, and was unfit to litigate a first[-]degree murder trial and that this new evidence meets the timeliness [exceptions?]

Perkins' Brief at 2.

- 3 -

Because both of Perkins issues concern exceptions to the PCRA's time bar, we first consider the PCRA court's conclusion that Perkins' second PCRA petition was untimely filed, and that he failed to establish a time-bar exception. The timeliness of a post-conviction petition is jurisdictional. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Perkins' judgment of sentence became final on October 7, 2013, when the United States Supreme Court denied his petition for writ of *certiorari*. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until October 7, 2014, to file a timely petition. Because Perkins filed his second PCRA petition in 2021, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

In his first issue, Perkins asserts that he met subsection 9545(b)(1)(iii) based upon our Supreme Court's recent decision in ***Commonwealth v. McClelland***, 233 A.3d 717 (Pa. 2020). We disagree. To invoke the PCRA court's jurisdiction under this subsection, Perkins was required to plead and prove that our high court has already held that the asserted constitutional right is both new and has retroactive applicability. ***See Commonwealth v. Leggett***, 16 A.3d 1144, 1147 (Pa. Super. 2011). Perkins has failed to do so. Instead, he merely asserts that ***McClelland*** "overturns years of case law in Pennsylvania, and is new decisional law recognizing that the constitutional right to due process cannot stand for hearsay only at a preliminary hearing." Perkins' Brief at 9 (excess capitalization omitted).

Moreover, in ***Commonwealth v. Rivera***, 255 A.3d 497 (Pa. Super. 2021), this Court, addressing a related claim on direct appeal, found that "the Supreme Court did not intend to extend ***McClelland***'s holding to cases such

- 5 -

as this one, where the complained-of defect in the preliminary hearing is subsequently cured at trial." **Rivera**, 255 A.3d at 503. Clearly, Perkins' convictions after a jury trial cured any defect that occurred at the preliminary hearing.

In his second issue, Perkins asserts that he had met the newly-discovered fact exception. As this Court has previously summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Here, Perkins contends that he only recently discovered that his trial counsel was allegedly suffering from addiction and disciplinary problems that affected his ability to defend Perkins at his 2008 trial. According to Perkins, "[t]his new evidence of counsel's discipline, addictions and work habits is evidence of his incompetence and should shed new light on [Perkins'] issues from his first PCRA." Perkins' Brief at 15.

Even if Perkins exercised due diligence, the "facts" upon which he relies are only relevant to his previously-raised claims of ineffectiveness of trial

counsel. It is well settled that new facts related to counsel's ineffectiveness are not an exception to the PCRA's time bar. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785-86 (Pa. 2000) (explaining that claims of ineffectiveness of counsel are not included in the newly-discovered fact exception because counsel's ineffectiveness is not a previously unknown fact).

In sum, the PCRA court correctly determined that Perkins' second PCRA petition was untimely filed, and he did not plead or prove an exception to the PCRA's time bar. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/23/2022